IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LACINDI SHANTE WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RYDER TRANSPORTATION SERVICES, )<br>)<br>Defendant, ) | No: FILED: AUGUST 13, 2008    LI<br>08CV4600<br>Judge: JUDGE   ANDERSEN<br>MAGISTRATE   JUDGE SCHENKIER |

## COMPLAINT

Now comes the Plaintiff LaCindi Shanté Williams, by and through her attorney Catherine Caporusso, against the Defendant Ryder, and complains as follows:

### JURISDICTION AND VENUE

1. This action arises under, and jurisdiction is founded on, 28 U.S.C. §§1331 and 1343 (4); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq. as amended, the Civil Rights Act of 1991, and 42 U.S.C. § 1981(b).

2. Declaratory and injunctive relief, damages and other appropriate legal and equitable relief are sought pursuant to Title VII and 42 U.S.C. § 1981(b).

3. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) on July 3, 2006, a copy of which is attached to this Complaint.

4. Plaintiff received a right to sue letter from the EEOC on May 29, 2008, a copy of which is also attached to this Complaint.

5. Venue is proper in this district as all of the discriminatory employment practices alleged herein were committed within this district.

## PARTIES

6. Plaintiff was employed by Defendant from April 2005 to February 2006 and her most recent position was Senior Human Resources Manager - Midwest.

7. Plaintiff is an African American woman and a citizen of the United States.

8. Defendant Ryder is headquartered in Miami, Florida. It employs over 25,000 employees, and is an employer and a person under Title VII and Section 1981(b).

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff hereby incorporates paragraphs 1-8 as though pleaded herein.

10. At all times during her employment, Plaintiff performed her job duties in a satisfactory manner and was praised for her excellent performance.

11. Beginning in June 2005, Plaintiff complained to the HR Vice President and then to the Chief HR Officer of Defendant that she believed that she and another African-American female employee, April Burks, were being discriminated against on the basis of their race and/or sex. Ms. Burks also herself complained of discrimination, and Plaintiff participated in the company's alleged investigation of that complaint.

12. In January 2006, Plaintiff applied for a promotion to Human Resources Director – Midwest. She was denied and it was given to two less qualified white males.

13. In February 2006, Plaintiff was terminated from her employment, allegedly due to her friendship with her subordinate April Burks and the amount of overtime that Ms. Burks worked from home. She did not receive a termination letter.

14. Plaintiff received unemployment compensation despite the alleged misconduct. At the time of the termination, Plaintiff's personnel file contained no documentary record of any investigation into her alleged misconduct. Defendant did not

provide any such investigatory record, or any evidence supporting its misconduct allegations, to the EEOC investigator.

15. Similarly situated white employees, male employees and/or employees who had not complained of or participated in complaints of discrimination worked with and supervised their own friends, allowed their subordinates to work substantial overtime and/or from home, have violated company policies, and/or performed poorly as managers but have not been terminated.

16. When Plaintiff was terminated, she was also denied a bonus, allegedly because she was fired for her performance. However, similarly situated white employees, male employees, and/or employees who had not complained of discrimination or participated in complaints of discrimination who were terminated for performance reasons were paid bonuses. In at least one case, a terminated white male was not only paid a bonus but relocation and housing costs as well.

17. On information and belief, the above actions are part of a pattern and practice of discrimination by Defendant on the basis of race and sex.

## COUNT I
## TITLE VII SEX DISCRIMINATION

18. Plaintiff hereby incorporates paragraphs 1-17 as though pleaded herein.

19. The above referenced actions constituted unlawful sex discrimination in violation of Title VII.

20. The conduct of the Defendant with respect to Plaintiff constituted malice of reckless indifference to the federally protected rights of the Plaintiff.

3

21. As a proximate result of the practices alleged, the Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and other damages.

## COUNT II
## TITLE VII AND SECTION 1981 RACE DISCRIMINATION

22. Plaintiff hereby incorporates paragraphs 1-17 as though pleaded herein.

23. The above referenced actions constituted unlawful race discrimination in violation of Title VII and Section 1981(b).

24. The conduct of the Defendant with respect to Plaintiff constituted malice of reckless indifference to the federally protected rights of the Plaintiff.

25. As a proximate result of the practices alleged, the Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and other damages.

## COUNT III
## TITLE VII AND SECTION 1981 RETALIATION

26. Plaintiff hereby incorporates paragraphs 1-25 as though pleaded herein.

27. In response to her complaints of discrimination and participating in another employee's complaint of discrimination, Plaintiff was subjected to the adverse actions described above, and retaliated against in violation of Title VII and Section 1981.

28. Through its actions, Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

29. As a proximate result of the practice alleged, the Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and other damages.

WHEREFORE, Plaintiff prays for the following:

(a) Trial by jury on the charges raised in her Complaint;

(b) That a declaratory judgment be issued that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the acts cited;

(c) That this Court permanently enjoin Defendant, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

(d) That this Court order Defendant to provide the Plaintiff reinstatement or front pay, any and all lost benefits and back wages with pre- and post judgment interest;

(e) That this Court award Plaintiff compensatory and punitive damages and any other damages to which Plaintiff might be entitled;

(f) That this Court award Plaintiff the costs and disbursements of this action and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988 and other appropriate statutes.

Respectfully submitted,


LaCindi Shanté Williams


By:__/s Catherine Caporusso___
Attorney for Plaintiff

Catherine Caporusso
ARDC# 6228965
220 S. Halsted
Suite 200
Chicago, IL   60661
(312) 933-0655

LI
08CV4600
JUDGE ANDERSEN
MAGISTRATE JUDGE SCHENKIER

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA ☒ EEOC | 440-2006-06541 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Ms. LaCindi Williams
**Home Phone** (Incl. Area Code): (630) 759-3818
**Date of Birth**: 05-01-1971
**Street Address, City, State and ZIP Code**: 1425 Columbus Drive, Bolingbrook, IL 60490

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: RYDER SYSTEMS INC
**No. Employees, Members**: 500 or More
**Street Address, City, State and ZIP Code**: 55 Shuman Blvd, Suite 150, Naperville, IL 60563

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 06-01-2005 Latest: 02-16-2006
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about April 4, 2005. My most recent position was Senior HR Manager – Midwest. Beginning in June 2005, I complained to the HR Vice President and then to the Chief HR Officer that I believed the Vice President was discriminating against me on the basis of my race and sex. In January 2006, I applied for a promotion to HR Director which I was denied and it was given to two less qualified White males. On February 16, 2006, I was terminated from my employment, allegedly due to a friendship with an employee that I supervised and the amount of overtime that she worked. However, similarly situated male and/or White employees at Respondent have worked with and supervised their own friends and family members, allowed their subordinates to work substantial overtime, have violated company policy, and/or performed poorly as managers but they have not been terminated. When I was terminated, I was also denied vacation pay and bonuses to which I was entitled.

I believe that I have been discriminated against as part of a pattern and practice of discrimination based on my sex, female, and my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII). I also believe I have been retaliated against for making a protected complaint of discrimination, in violation of Title VII.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6/29/06
Charging Party Signature: /s/ LaCindi Williams

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

RECEIVED EEOC JUL - 3 2006 CHICAGO DISTRICT OFFICE

EEOC Form 161-B (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Lacindi Williams
1425 Columbus Drive
Bolingbrook, IL 60490

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

Certified Mail 7001 1940 0003 8824 6827

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-06541 | Daniel Lim, Investigator | (312) 886-9839 |

NOTICE TO THE PERSON AGGRIEVED:    (See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe, District Director     5/15/2008 (Date Mailed)

Enclosures(s)

cc: RYDER SYSTEMS, INC.